**UNITED STATES of America, Appellee,**

v.

**Roberto SALVADOR and Oscar Salvador, Defendants-Appellants.**

Nos. 1082, 1083, Dockets 87–1022, 87–1027.

United States Court of Appeals, Second Circuit.

Argued April 27, 1987.

Decided June 4, 1987.

559

Philip Katowitz, Brooklyn, N.Y., for defendant-appellant Roberto Salvador.

John K. Carroll, New York City, Asst. U.S. Atty., S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Bruce A. Green, Asst. U.S. Atty., of Counsel), for appellee.

Before FEINBERG, Chief Judge, KEARSE and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Oscar and Roberto Salvador appeal from judgments of the United States District Court for the Southern District of New York, after a jury trial before Judge John M. Walker, convicting both Oscar and Roberto on one count of conspiring, with each other and with co-defendant Juan Antonio Guzman, to violate the narcotics laws and an additional count of distribution and possession with intent to distribute cocaine.[1] Oscar was sentenced to concurrent four-year prison terms, three years of special parole and a $100 special assessment. Roberto was sentenced to concurrent eight-year prison terms, three years of special parole and a $150 special assessment. Roberto's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking to be relieved, and the government has moved for summary affirmance. We grant both motions. Oscar argues on appeal that the trial judge erred in excluding an exculpatory statement made out of court by Guzman. For reasons set forth below, we also affirm Oscar's conviction.

I.

From the evidence at trial, at which neither of the Salvador brothers testified, the jury could have found that in late August 1986, Oscar participated with Roberto and Guzman in a plan to sell about one-half of a kilogram of cocaine to Miguel Leyva, a Drug Enforcement Administration (DEA) informant. After a number of telephone conversations and three prior meetings, on August 25 and 26, the Salvadors and Guzman met Leyva again to consummate the

Robert E. Precht, New York City. The Legal Aid Society, Federal Defender Services Unit, for defendant-appellant Oscar Salvador.

1. Roberto was also convicted on a second sub-

stantive count.

transaction. DEA agents arrested them and seized a package containing the cocaine. Thereafter, the Salvadors and Guzman were indicted in a three-count indictment. Guzman was charged in all three counts.

Subsequently, Guzman decided to plead guilty to count three of the indictment, which charged him and the Salvadors with distributing and possessing cocaine with intent to distribute. On November 17, 1986, just prior to entry of Guzman's guilty plea in satisfaction of count three of the indictment, pursuant to an oral plea agreement, an Assistant United States Attorney (AUSA) questioned Guzman for less than half an hour about the facts of the case, in order to have a basis for cross-examining him should he later testify as a defense witness at trial. During this brief meeting, Guzman made assertions that contradicted the government's independent evidence but the government made no attempt to confront him with what the government regarded as lies. Guzman did not agree to testify as a government witness.

According to the AUSA, Guzman stated during the interview that Oscar Salvador was present at the meetings on August 25 and 26, but that Oscar "was not an active participant in these things, that he did not know what was going on, that he was not a part of the deal." Guzman, however, refused on Fifth Amendment grounds to testify at trial as a defense witness for Oscar. After questioning Guzman outside the presence of the jury, the district court found that Guzman was entitled to assert his Fifth Amendment privilege in order to protect himself against the charges in the two counts against him that had not been dismissed as well as against other possible charges. Thereafter, Oscar tried to introduce into evidence the hearsay exculpatory statement of Guzman to the AUSA.

Judge Walker refused to admit this evidence, stating that Guzman's statement was "of the most conclusory nature ... and ... the indicia of reliability are far too insufficient" and that there was insufficient corroboration to clearly indicate the trustworthiness of the statement. There-

after, the jury convicted Oscar on the two counts of the indictment in which he was charged.

## II.

The only issue on appeal is whether the district court properly excluded at trial Guzman's hearsay statement on November 17, 1986 to the AUSA. The relevant evidence rule is Rule 804, which provides as follows:

> *Rule 804.  Hearsay Exceptions: Declarant Unavailable*
>
> (a) *Definition of unavailability.* "Unavailability as a witness" includes situations in which the declarant—
>
> (1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;
>
> . . .
>
> (b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . .
>
> (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

■ In light of the district court's ruling that Guzman was entitled to invoke his Fifth Amendment rights, which the government does not contest, Guzman was an "unavailable" witness under Rule 804(a)(1), *United States v. Beltempo,* 675 F.2d 472, 480 (2d Cir.), cert. denied, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1353 (1982). The question before us, therefore, is

whether the district court erred in applying subsection (b)(3) of Rule 804.

Appellant Oscar Salvador maintains that the judge did commit reversible error because Guzman's statement was against his penal interest and because corroborating circumstances indicate that the statement was trustworthy. As to the former, appellant points out that Guzman invoked the Fifth Amendment at trial and that his statement exculpating Oscar "strengthened the impression that he had an insider's knowledge of the crimes." *United States v. Barrett*, 539 F.2d 244, 252 (1st Cir.1976). Also, Guzman knew that his statement displeased the prosecutor, threatened the plea agreement and might have led to an increased sentence. Appellant argues, therefore, that Guzman's exculpatory statement was so contrary to his penal interest that a reasonable person would not have made it unless he believed it to be true.

The government disputes this claim, arguing that Guzman's statement exculpating Oscar added nothing to the admissions he had already made as to the crime to which he would plead guilty a short time later. According to the government, therefore, as in *United States v. Marquez*, 462 F.2d 893, 894–95 (2d Cir.1972), the exculpatory statement here was not adverse to the declarant's penal interest and was clearly separable from the statements Guzman made inculpating himself. The government also argues that nothing in the record supports the view that Guzman reasonably believed that his plea agreement would be affected adversely if he exonerated Oscar.

■ We need not decide the issue, however, because we conclude that appellant has not shown that the district court erred with respect to the remaining requirement of Rule 804(b)(3) regarding corroboration of Guzman's statement. A number of factors lead us to this conclusion. The second sentence of subsection (b)(3) reads as follows:

> A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clear-

ly indicate the trustworthiness of the statement.

The structure of the sentence and its wording demonstrate the obvious suspicion with which the drafters of the Rule regarded a statement exposing "the declarant to criminal liability" but exculpating the accused. First, the burden is put upon the accused to justify admission of the exculpatory statement by showing "corroborating circumstances" that indicate "the trustworthiness" of the statement. Second, corroboration must "clearly" indicate such trustworthiness. We take this to mean that the inference of trustworthiness from the proffered "corroborating circumstances" must be strong, not merely allowable. As Judge Campbell has pointed out, this is "not an insignificant hurdle." *Barrett*, 539 F.2d at 253. Moreover, corroboration is explicitly required for the type of statement in issue here, but not for the other statements against interest set forth in subsection (b)(3). See *United States v. Rodriguez*, 706 F.2d 31, 40 (2d Cir.1983). Finally, the judge's ruling as to admissibility called for an exercise of his discretion. Therefore, we should not reverse the ruling here unless we believe that the trial judge abused his discretion. *United States v. Ford*, 771 F.2d 60, 63 (2d Cir.1985); *Beltempo*, 675 F.2d at 480.

With these factors in mind, we turn to whether the trial judge erred in ruling that appellant had not satisfied the preliminary corroboration requirement of Rule 804(b)(3). Exactly what needs to be corroborated, though, is not absolutely clear from the rule or from much of the case law. Corroboration of the trustworthiness of the statement could mean that the district judge is to require corroboration of the declarant's trustworthiness, focusing on declarant's reliability when the statement was made, or corroboration of the truth of the declarant's statement, focusing on whether the evidence in the record supported or contradicted the statement, or both. Cf. Tague, Perils of the Rulemaking Process: The Development, Application, and Unconstitutionality of Rule 804(b)(3)'s Penal Interest Exception, 69 Geo.L.J. 851, 949–53 (1981); *United States*

**562**

*v. Silverstein*, 732 F.2d 1338, 1346–47 (7th Cir.1984), cert. denied, 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985); *United States v. Bagley*, 537 F.2d 162, 166–68 (5th Cir.1976). Our court seems to require corroboration of both. See, e.g., *United States v. Guillette*, 547 F.2d 743, 754–55 (2d Cir.1976), cert. denied, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977); *Ford,* 771 F.2d at 62–63; cf. id. at 63–64 (Oakes, J., dissenting).

 In this case, the circumstances did not clearly corroborate either Guzman's trustworthiness or the truth of his statement. Guzman was not clearly trustworthy since he knew Oscar and may have had reason to lie for him, compare *Donnelly v. United States*, 228 U.S. 243, 277–78, 33 S.Ct. 449, 461, 57 L.Ed. 820 (1913) (Holmes, J., dissenting), he did not make the statement spontaneously, compare *United States v. Satterfield*, 572 F.2d 687, 693 (9th Cir.), cert. denied, 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978); *United States v. Thomas*, 571 F.2d 285, 290 (5th Cir.1978), and he made the statement to the prosecutor, who was in a position to affect the charges against Oscar, compare *United States v. Brainard*, 690 F.2d 1117, 1123–25 (4th Cir.1982). In addition, Guzman apparently had only an informal plea agreement rather than a formal cooperation agreement and thus was less likely to be hurt by telling a lie. As to the truth of Guzman's statement (assuming that this is the proper focus for corroboration), Judge Walker noted that the statement was in direct opposition to other evidence in the record that Oscar was an active participant at the meeting when the cocaine was delivered on 228th Street, and at meetings leading up to the delivery. The judge noted that

> Oscar Salvador motioned for drugs at 228th Street, that he guarded a car at Dyckman Street; that he was present and participated in a conversation in which it was explained, under the bridge at Riverside Drive and 125th Street, that the reason why they couldn't come up with the drugs at that time was that they were locked away in someone's house and they couldn't get at them.

In the district court, Oscar argued that the corroboration requirement could be satisfied even in the face of contradictory evidence. This may be so. But even if such evidence does not preclude a trial judge from regarding an exculpatory statement as trustworthy, the existence of such evidence surely detracts from the clarity of the corroboration. Judge Walker held that "the indicia of reliability are far too insufficient to warrant admission" of Guzman's statement. The district court obviously exercised its discretion here and, in light of the record before it, we will not overturn its ruling as an abuse of that discretion. Cf. *Ford*, 771 F.2d at 63; *Beltempo*, 675 F.2d at 479–80.

We have considered all of appellant's arguments and they are without merit. Judgment affirmed.