**UNITED STATES OF AMERICA,**
**Appellee,**

v.

**Aaron P. MCIVER, Appellant.**

**No. 02–3058.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 18, 2003.

Rehearing En Banc Denied Jan. 28, 2004.

Barbara J. Valliere, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Darryl Blane Brooks, Assistant U.S. Attorney, John P. Mannarino, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Robert S. Becker, Law Office of Robert S. Becker, Washington, DC, for Defendant–Appellant.

Before SENTELLE and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM:

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED and ADJUDGED that the district court's order filed June 21, 2002, be affirmed. Defendant was convicted on his second trial, after the first trial resulted in a hung jury, of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), and possession of a large capacity ammunition feeding device, *see* 18 U.S.C. § 922(w).

He offers two contentions on appeal. First, he argues that the district court improperly precluded him from offering evidence as to his half-brother's criminal history, the circumstances surrounding the half-brother's death, and the half-brother's purported confession to the crimes, which was made to defendant's father. Second, defendant argues that Congress's decision to penalize possession of crack cocaine more stringently than it penalizes possession of powder cocaine violates the equal protection guarantee of the Fifth Amendment.

Regarding defendant's claim that he was improperly precluded from offering evidence as to his brother's death and confession, he did not ask for the admission of such evidence in the second trial. Defendant's objection in the first trial is without effect, because upon mistrial the first trial became a nullity. *See, e.g., United States v. Akers,* 702 F.2d 1145, 1148 (D.C.Cir. 1983). Even if his objection in the first trial preserved the issue for appeal, however, the district court was well within its discretion in excluding the evidence. The brother's purported admission—as related by the father—was not reliable. *See* Fed. R.Evid. 804(b)(3); *United States v. Edelin,* 996 F.2d 1238, 1242 (D.C.Cir.1993) (per curiam); *United States v. Salvador,* 820 F.2d 558, 561 (2d Cir.1987). And the details of the brother's death were only marginally relevant to the question of defendant's guilt, if relevant at all. It would certainly have been well within the district court's discretion to conclude that any probative value of the testimony would have been outweighed substantially by the prejudicial effect.

The one objection that defendant did preserve—that his father be allowed to testify to the brother's prior court appearances on drug charges—was properly rejected. There would have been nothing

**698**

gained by allowing the father to testify that the brother had been involved in a drug case whose circumstances may or may not have been similar to those in the present case.

Defendant's remaining contention is frivolous. We have repeatedly held that the sentencing differential for crack cocaine versus powder cocaine passes the rational basis test. *See, e.g., United States v. Holton,* 116 F.3d 1536, 1548–49 (D.C.Cir.1997).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.