United States v. Herring

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                           *Appellee*,

            v.                                          18-336

JEFFREY HERRING,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Troy A. Smith, White Plains, N.Y.

Appearing for Appellee:      Maurene Comey, Assistant United States Attorney (Michael
                             Gerber, Lauren Schorr, Won S. Shin, Assistant United States
                             Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States
                             Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Jeffrey Herring appeals from the January 25, 2018, judgment of the United States District Court for the Southern District of New York (Karas, *J.*), convicting him, after a jury trial, of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, Hobbs Act robbery, *id.* §§ 2, 1951, causing the death of a person while possessing a firearm during and in relation to the commission of a crime of violence, *id.* §§ 2, 924(j), participating in a racketeering conspiracy, *id.* § 1962(d), and murder in aid of racketeering, *id.* §§ 2, 1959(a)(1). The district court sentenced Herring principally to a mandatory term of life imprisonment followed by a mandatory consecutive five-year term of imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Herring's primary argument is that the district court erred by declining to admit certain statements that a co-conspirator, Deanna Duncan, made during various proffer sessions with the government. The principal statement on which Herring focuses on appeal is, in sum and substance, that Duncan saw a co-conspirator, Jesse Hummel, pointing a gun at someone who was lying on a couch in the house in which the robbery and murder took place. Herring argues that the district court should have admitted the statement as a statement against Duncan's penal interest pursuant to Rule 804(b)(3) of the Federal Rules of Evidence.

"We review a district court's decision to exclude a statement under Rule 804(b)(3) for abuse of discretion." *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999). "Federal Rule of Evidence 804(b)(3) permits the admission of a statement against an unavailable declarant's penal interest" when the statement, at the time of declaration, "had so great a tendency to expose the declarant to criminal liability that a reasonable person in his position would have made the statement only if he believed it to be true, and corroborating evidence clearly indicates the trustworthiness of the statement." *United States v. Dupree*, 870 F.3d 62, 80 (2d Cir. 2017).

Thus, the Rule first requires courts to conduct "an adequately particularized analysis," *United States v. Saget*, 377 F.3d 223, 231 (2d Cir. 2004), asking "whether a reasonable person in the declarant's shoes would perceive the statement as detrimental to his or her own penal interest, a question that can be answered only in light of all the surrounding circumstances," *United States v. Gupta*, 747 F.3d 111, 127 (2d Cir. 2014) (citations omitted) (internal quotation marks omitted). This particularized analysis requires courts to parse out and exclude "non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Williamson v. United States*, 512 U.S. 594, 600-01 (1994). "[T]he court must then determine whether there are corroborating circumstances indicating both the declarant's trustworthiness and the truth of the statement." *Gupta*, 747 F.3d at 127 (internal quotation marks omitted). "[T]he inference of trustworthiness from the proffered 'corroborating circumstances' must be strong, not merely allowable." *United States v. Salvador*, 820 F.2d 558, 561 (2d Cir. 1987). "The burden is on the proponent of 804(b)(3) evidence to demonstrate sufficient corroboration." *United States v. Paulino*, 445 F.3d 211, 220 (2d Cir. 2006).

Here, we need not decide whether Duncan's statements were against her penal interest because we find no error in the district court's conclusion that Herring failed to meet his burden to show that the statements were sufficiently corroborated by circumstances indicating that they were true. On that score, Herring points us to no evidence in the record corroborating Duncan's statement that Hummel possessed a firearm while in the house in which the robbery and murder took place, much less that Hummel pointed a gun at someone during the course of the robbery.

Nor do we find error in the district court's determination that Herring did not meet his burden to show that Duncan's trustworthiness was sufficiently corroborated. Duncan initially proffered that, during the robbery, she remained at or near the doorway of the house. However, allegedly after having been hypnotized by a social worker while in jail, she later admitted to having entered the house and rummaged through one of the bedrooms. The court did not exceed the bounds of its discretion by relying on such inconsistencies in Duncan's statements to the government and Duncan's dubious explanation for the inconsistencies to conclude that Duncan was not trustworthy. *See United States v. Doyle*, 130 F.3d 523, 544 (2d Cir. 1997) (finding no error in district court's exclusions of statements by a declarant who had offered "inconsistent stories," suggesting a "risk of fabrication").

Herring argues that the district court erred by giving insufficient weight to the fact that the government had introduced the statements at issue during grand jury proceedings and that a government investigator testified during those proceedings that Duncan's statements were corroborated. However, Herring overlooks the fact that it was only after the grand jury testimony that Duncan called her credibility into question by changing her account of the robbery. Moreover, the district court was not required to accept the government investigator's assertion that Duncan's statements were corroborated; whether the statements were admissible under Rule 804(b)(3) was a determination for the court to make, not a government investigator.

More significantly, even if we were to identify error in the district court's decision to exclude Duncan's statements, we are convinced that any error was harmless. *See* Fed. R. Crim. P. 52(a). We will "uphold a verdict in the face of an evidentiary error" when it is "highly probable that the error did not affect the verdict." *United States v. Dukagjini*, 326 F.3d 45, 61 (2d Cir. 2003) (internal quotation marks omitted). "In conducting this inquiry, we consider factors including: (1) the importance of the unrebutted assertions to the government's case; (2) whether the excluded material was cumulative; (3) the presence or absence of evidence corroborating or contradicting the government's case on the factual questions at issue; (4) the extent to which the defendant was otherwise permitted to advance the defense; and (5) the overall strength of the prosecution's case." *United States v. Oluwanisola*, 605 F.3d 124, 134 (2d Cir. 2010).

Here, the government presented testimony from three cooperating witness who participated in the robbery. All three identified Herring as the person who shot the robbery and murder victim. Moreover, even if the district court had allowed Herring to introduce Duncan's hearsay statements, they would not have corroborated his defense. Herring testified at trial that, although he initially agreed to participate in the robbery, he backed out once he and his co-conspirators arrived at the victim's house and instead waited outside. Yet, in Duncan's post-hypnosis revised version of events—that is, after she admitted to having gone into the house during the robbery—she placed Herring inside the house during the robbery. Additionally,

Herring's conviction for murder in aid of racketeering, for which he received a mandatory life sentence, did not depend on the jury finding that he was the shooter. Instead, the district court instructed the jury on aiding and abetting and felony murder theories of criminal liability. Under those theories of liability, which Herring does not contest on appeal, the jury still could have found Herring guilty even if it had credited Duncan's statement that Hummel had a gun and pointed it at someone and inferred from that statement that Hummel was the one who fatally shot the victim.

Finally, Herring argues that we wrongly decided that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018). He contends that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A), and thus his conviction for violating 18 U.S.C. § 924(j)—which is predicated on Hobbs Act robbery being a crime of violence—must be vacated. However, we "are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court," *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004), or called into question by "an intervening Supreme Court decision," *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir. 2014) (internal quotation marks omitted). Herring points us to no en banc panel or Supreme Court decision overruling *Hill*, nor does he cite any Supreme Court decision that calls *Hill* into question. We are therefore bound to follow *Hill*.

We have considered the remainder of Herring's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4