23-6307-cr
United States v. Wilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-five.

PRESENT:  AMALYA L. KEARSE,
DENNIS JACOBS,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.    No. 23-6307-cr

DEANDRE WILSON, AKA D.,

*Defendant-Appellant*.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    JAMESA J. DRAKE, Drake Law, LLC, Auburn, ME

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLEE:                          KATHERINE A. GREGORY, Assistant United States Attorney, *for* Joel Louis Violanti, Acting United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED.

Deandre Wilson appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*) convicting him after a jury trial of multiple counts including, as relevant to this appeal: (1) one count of conspiracy to distribute cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; (2) one count of murder while engaged in a narcotics conspiracy in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848(e)(1)(A); (3) one count of conspiracy to obstruct justice in violation of 18 U.S.C. §§ 1512(c)(1) and 1512(k); (4) two counts of obstruction of justice in violation of 18 U.S.C. §§ 2 and 1512(c)(1); (5) one count of conspiracy to use fire to commit a felony in violation of 18 U.S.C. §§ 2, 844(h), 844(m); and (6) two counts of use of fire to

2

commit a felony in violation of 18 U.S.C. §§ 2 and 844(h). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Wilson first challenges the District Court's exclusion of the grand jury testimony of an unavailable witness, Richard Brady, which Wilson contended was admissible under Federal Rule of Evidence 804(b)(3). "We review a district court's evidentiary rulings for abuse of discretion and will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. DiMassa*, 117 F.4th 477, 486 (2d Cir. 2024) (quotation marks omitted). Under Rule 804(b)(3), "the hearsay rule does not exclude evidence of a statement against an unavailable declarant's penal interest" if (1) "a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it had so great a tendency to expose the declarant to criminal liability" and (2) the statement "is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case." *United States v. Ojudun*, 915 F.3d 875, 885 (2d Cir. 2019) (cleaned up) (quoting Fed. R. Evid. 804(b)(3)). "[T]he inference of trustworthiness from the proffered corroborating circumstances

must be strong, not merely allowable." *United States v. Salvador*, 820 F.2d 558, 561 (2d Cir. 1987) (quotation marks omitted).

The District Court determined that substantial portions of Brady's grand jury testimony were either false, not corroborated, or otherwise unreliable. For example, the District Court noted, Brady misidentified the location of the murders; claimed that Jariel Cobb had raped one of the murder victims even though there was no evidence that a rape took place; and claimed that he communicated with James Reed via text message even though phone records obtained by the Government did not support the claim. The District Court also explained that Brady, who sought credit for cooperating with the Government, made the statements in "an attempt . . . to gain a benefit for himself by providing the government with information regarding a crime of far more interest than [his] own offenses." App'x 85. We see no error in the District Court's decision to exclude Brady's statements. *See DiMassa*, 117 F.4th at 486. Nor are we persuaded that the exclusion of Brady's testimony deprived Wilson of a "meaningful opportunity to present a complete defense." *See Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir. 2003). The right to mount a defense "may be limited by evidentiary and procedural rules designed to assure both fairness and reliability" so long as the

4

application of those rules is not "arbitrary or disproportionate to the purposes they are designed to serve." *Scrimo v. Lee*, 935 F.3d 103, 112 (2d Cir. 2019) (quotation marks omitted). The District Court's exclusion of Brady's statements satisfied this requirement.

Wilson next challenges the sufficiency of the evidence supporting his convictions for conspiracy to obstruct justice through evidence tampering, obstruction of justice through evidence tampering, conspiracy to use fire to obstruct justice, and use of fire to obstruct justice. The trial evidence in support of each of these convictions was, in our view, overwhelming. At trial, the Government introduced evidence that Wilson, with help from Cobb, poured gasoline on a car that contained the bodies of victims Miguel Anthony Valentin-Colon and Nicole Marie Merced-Plaud and set the car on fire. The jury also heard evidence that Wilson spent an hour with Cobb and Reed tending to a separate fire that was lit to destroy the body of victim Dhamyl Roman-Audiffred, as well as evidence that this fire was still consuming her body as Wilson tended to it. And the jury heard evidence that Wilson, expressing regret that he had not killed another witness, told Cobb, "I'm not going . . . back to jail. I told you we should have got rid of that kid." Gov't App'x 662. This evidence is more than

sufficient to permit a rational juror to find that Wilson used fire to intentionally destroy evidence that might be used against him in a criminal proceeding. *See* 18 U.S.C. §§ 844(h)(1), 1512(c)(1); *see also id.* § 1512(f)(1) ("[A]n official proceeding need not be pending or about to be instituted at the time of the offense."). The same evidence was also sufficient to support a finding that Wilson conspired with Reed and Cobb to commit these crimes. *See United States v. Khalupsky*, 5 F.4th 279, 288 (2d Cir. 2021); *United States v. Santos*, 541 F.3d 63, 71 (2d Cir. 2008). We thus reject Wilson's argument that his convictions on these counts are not supported by sufficient evidence.

Finally, Wilson challenges the sufficiency of the evidence in support of the jury's finding that he conspired to possess and distribute at least five kilograms of cocaine under 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. "[A] conviction of a Section 841(b)(1)(A) conspiracy . . . requires that a jury find, or the defendant himself admit to, the drug-quantity element." *United States v. Barret*, 848 F.3d 524, 534 (2d Cir. 2017) (cleaned up). "The drug quantity attributable to a defendant knowingly participating in a drug distribution conspiracy" includes not only the specific narcotics acquired in "transactions in which he participated directly," but also those acquired in "transactions in which he did not personally

6

participate, but where he knew of the transactions or they were reasonably foreseeable to him." *United States v. Pauling*, 924 F.3d 649, 657 (2d Cir. 2019).

The trial record includes evidence that Wilson and Cobb agreed that Cobb would acquire cocaine from his suppliers and that Wilson would work as a middleman to sell a portion of that cocaine to Wilson's cousins. Cobb testified that he would thereafter purchase "[a]t least three kilos [of cocaine] every time" he met with his suppliers, Gov't App'x 414, and that Wilson knew about and planned on attending two of these purchases but missed them due to his work schedule. Drawing all reasonable inferences in the Government's favor, *see United States v. Tran*, 519 F.3d 98, 105 (2d Cir. 2008), we conclude that this was sufficient to support the jury's finding that Wilson knew or could reasonably foresee that the transactions involved at least five kilograms of cocaine acquired over the course of the narcotics conspiracy, *see Pauling*, 924 F.3d at 657.[1]

---

[1] Wilson also contends that there was insufficient evidence to support the jury's findings as to the quantity of heroin and marijuana acquired over the course of the narcotics conspiracy. Because Wilson raises these arguments only conclusorily in footnotes in his brief on appeal, we decline to consider them. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013).

We have considered Wilson's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the District Court's judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court