15312

STATE v. GREGORY

(16 S. E. (2d), 532)

100

*Mr. L. G. Southard* and *Mr. Donald Russell,* both of Spartanburg, for appellant,

*Mr. Sam R. Watt, Solicitor,* and *Messrs. Evans, Galbraith and Holcombe,* all of Spartanburg, for respondent,

September 25, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

The appellant, formerly secretary and treasurer of the Commissioners of Public Works of the City of Spartanburg, who are elected by the people, commonly called the Spartanburg Water Works, has been twice convicted in the Court of General Sessions of Spartanburg County of embezzlement of funds of the Water Works. His first trial was jointly with his assistant upon an indictment charging both of them with commission of the crime. On separate appeals, the appellant here was granted a new trial for the prejudicial admmission of objectionable testimony and the conviction of the assistant was reversed and a verdict of not guilty directed for lack of evidence against him. See the reports of the decisions of this Court, *State v. Gregory,* 191 S. C., 212; 4 S. E. (2d), 1, and *State v. Kimbrell,* 191 S. C., 238; 4 S. E. (2d), 121. The first conviction was in November, 1938, and that from which the instant appeal comes, on a new indictment by another grand jury, in April, 1940. Upon the first conviction his sentence was confinement at labor for five years and a fine of two thousand dollars, and the sentence involved in this appeal was similar imprisonment for seven years and a fine of eight hundred dollars; the first conviction was of embezzlement of $2,093.41, and the present guilty verdict is upon embezzlement found by the jury of $733.53. This latter is of importance as will be seen.

Appellant's alert and able counsel have submitted one hundred and forty-eight exceptions to the acts and rulings of the trial Judge, but they have considerately grouped them in twelve questions which they have presented in argument to this Court, and these questions will be dealt with and de-

termined in this judgment and in that way all of the numerous exceptions will be disposed of.

At the outset we repeat the time-honored tenet that ordinarily the conduct of a trial including the admission and rejection of proffered testimony, is largely within the sound discretion of the trial Judge and his exercise of such will not be disturbed by this Court on appeal unless it can be shown that there has been an abuse of discretion, a commission of legal error in its exercise, and that the rights of the appellant have been thereby prejudiced. See the many South Carolina cases thereon gathered in West's South Eastern Digest, Volume 32 and supplement, Trial, particularly key number 43.

Upon this established principle and in the proper application of it, we are constrained after consideration to overrule the exceptions upon which are based appellant's questions numbered 2, 3, 4, 5, 7 and 10, which allege error in the exclusion of evidence as to whether other employees in appellant's office were also under bond, as had been established by the State appellant was (but this evidence is in the record in another place, f. 1032, unobjected to) ; in the extent to which the appellant should have been permitted to refer to his testimony at the former trial; in the nature of the cross-examination of the appellant by the solicitor and the exercise by appellant of his right of cross-examination; in the admission and rejection of testimony concerning the practice in appellant's office of cashing checks to furnish "petty cash"; and refusing to admit some of the testimony of appellant's accountant witnesses, who testified only as experts (they not having audited his books), as to their conclusions about the possibility of others having committed the embezzlement with which the appellant was charged.

For the same reason appellant's first question must be determined against him. In it he complains of the range which the trial Judge permitted in the testimony concerning the various alleged shortages in appel-

lant's office. The State confined its testimony in chief to so-called "miscellaneous items", charges and receipts (of which, according to the uncontradicted evidence, there were no book entries) for material and services other than water, and it appeared that there was also a "covered up"shortage of several thousand dollars in the water account of the Spartanburg General Hospital and possibly another shortage in petty cash, to which the State's testimony, as indicated, did not refer. When it became clear to the presiding Judge that the hospital water account was unconnected (as testified to by the appellant himself) with the miscellaneous items upon which the State was seeking conviction he, we think not improperly, ruled out further evidence concerning the former. The situation seems to us to have been one peculiarly appropriate for the exercise of discretion as to admissibility of evidence and to guard against the confusion of the jury by the injection of collateral issues. The trial took five days. We find no abuse of that discretion, no error.

But appellant earnestly contends that this and other rejected testimony tended to prove another guilty of the commission of the crime with which he was charged and because the State relied upon circumstantial evidence, it was admissible. We do not think so, because of the lack of connection above pointed out. It fell far short of the applicable rule as stated in 16 C. J., 560: "At any rate the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." See also, 22 C. J. S., Criminal Law, § 622. Numerous cases from other jurisdictions are cited in the footnotes. To the same effect is the following from 20 Am. Jur., page 254: "But before such testimony can be re-

ceived, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party. Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose. An orderly and unbiased judicial inquiry as to the guilt or innocence of a defendant on trial does not contemplate that such defendant be permitted, by way of defense, to indulge in the conjectural inferences that some other person might have committed the offense for which he is on trial, or by fanciful analogy to say to the jury that someone other than he is more probably guilty."

Question six charges the trial Judge with violating the inhibition against charging upon the facts and in indicating his view of them by questioning a witness. We have carefully examined the approximately five hundred page record in this as well as other respects and find no just foundation for the criticism. In fact, the Court's charge to the jury appears to contain more than usual of instructions to the effect that the jury were the sole judges of the facts, of the defendant's guilt or innocence, and that the Court was forbidden even any intimation of his views thereabout.

The eighth and ninth questions submitted by appellant may be properly considered together. He was tried under the amendment of 1934 to Section 1510 of the Criminal Code of 1932, 38 Stat. at Large, p. 1197, the validity of which was upheld in *State v. Brown,* 1935, 178 S. C., 294; 182 S. E., 838. It provides that "upon production of evidence tending to prove that any such officer or other person has received public funds and failed to account therefor as required by law, there shall arise a presumption that the funds received and unaccounted for have been fraudulently appropriated by such officer or person, and the burden at such stage of the case shall rest upon such officer or person to show otherwise." Appellant insists that the State is required to prove manual receipt by the officer or other person charged before the statutory presumption will arise and

that the Court fell into error thereabout in his instructions to the jury. We cannot agree with the construction sought by appellant, which we think too narrow, and we do not think that the rule of *State v. Lewis,* 141 S. C., 207; 139 S. E., 386, relied upon by him, is applicable. There, the construction was of a statute punishing the receipt of a bank deposit with knowledge of the institution's insolvency; here, the statute creates a rule of evidence dependent upon receipt and failure to account. Incidentally, the record discloses evidence of actual, manual receipt by appellant of items, unaccounted for, aggregating more than the sum for which he was convicted.

It is appropriate to repeat at least in part the quotation in *State v. Bikle* (the water works treasurer of another city), 180 S. C., 400; 185 S. E., 753, 758, from the opinion of this Court (rendered before the amendment of 1934) in *State v. Alexander* (a county treasurer), 140 S. C., 325; 138 S. E., 835, as follows: "While one charged with embezzlement is entitled to all the protection given accused persons under our Constitution and statutes, it was never intended that persons who are guilty of using public funds for their own benefit should escape punishment by resorting to the same old technicalities that formerly availed those charged with larceny. While preserving the rights of a defendant in a case of this nature, the statute should be construed broadly, to protect the taxpayers of the state, and the counties thereof, who have intrusted their moneys with men presumed to be honest. A narrow construction would tend to defeat the very purpose for which the act was placed among our laws. Mr. Black, in his law dictionary, defines the term 'embezzlement' to be: 'The fraudulent appropriation to his own use or benefit of property or money intrusted to him by another, by a clerk, agent, trustee, public officer, or other person acting in a fiduciary character.' Reading our statute, with Mr. Black's definition in mind, it appears, then, that our legislative enactment, succinctly stated, makes it a felony for one charged with the

safe-keeping and disbursement of public funds to fraudulently appropriate to his own use or benefit any of the funds intrusted to him."

We likewise find no other error in the charge to the jury. It was reasonably brief but sufficiently comprehensive to include all that appellant was entitled to; reading it as a whole we find that it embraced all of the points sought in the requests which were proper. Appellant points to an inadvertence when the Court said, in effect, that the jury should say by their verdict whether they were convinced of the guilt or *innocence* of the appellant, beyond a reasonable doubt. It is impossible to reasonably conclude upon considering the entire charge that the jury were thereby misled for they were repeatedly instructed concerning the presumption of innocence of the accused and that for conviction the State must prove his guilt beyond a reasonable doubt, and that such presumption accompanied him from the time of his arraignment until the reaching of a verdict of guilt based upon the evidence and the reasonable doubt rule. The statute quoted above was charged by a reading and explanation of it to the jury, but both before and after such the jury were plainly instructed that a verdict of guilty would be justified only by evidence presented by the State which satisfied them beyond a reasonable doubt that the defendant was guilty of the crime as charged; and that the presumption of the statute is rebuttable, and the burden of proving the guilt of the defendant beyond a reasonable doubt was upon the State.

The trial Court refused appellant's motion for a directed verdict in his favor, which we think was entirely proper in view of the evidence, which we need not recount. Appellant's strong argument on this, No. 11, and other of his questions, as indicated above, is full of assertions that the prosecution is based on circumstantial evidence and the rules of the necessity of its nature have not been met in this case. But the crime is such that it is readily apparent that only rarely, if at all, can a witness be found who has seen an

official convert public funds to his personal use. Therein lies the wisdom of the statute and of the presumption. The Court carefully instructed the jury with respect to circumstantial evidence and to the requirements of it under the law to warrant conviction, from which and the whole conduct of the litigation, as evidenced in the lengthy record, we conclude that the appellant received a fair and impartial trial and that the verdict of the jury was fully justified by the evidence.

The twelfth and last question presented by appellant to the effect that the sentence imposed, a fine of $800.00 and imprisonment at labor for seven years, is excessive and in violation of the constitutional and statutory provisions, has given us much concern. Article 10, Section 12, of the Constitution of 1895, requires the enactment of laws by the General Assembly making the embezzlement of public funds a felony, punishable by fine and imprisonment proportionate to the amount of the embezzlement. Section 1510 of the Code of 1932 carries out the constitutional injunction by providing that the punishment for embezzlement of any public funds by an officer or other person charged with their safekeeping, transfer and disbursement shall be by fine and imprisonment in the discretion of the Court, proportioned to the amount of the embezzlement. For a lucid explanation of the meaning and effect of these provisions, see *State v. Johnson,* 186 S. C., 202; 195 S. E., 329. See also Sections 1034 and 1038, Code of 1932, the former of which appears to limit the imprisonment which may be imposed upon the appellant in this case to ten years. *State v. Edwards,* 127 S. C., 116; 120 S. E., 490.

In this case, as has been pointed out, upon his former conviction of the embezzlement of a much larger sum, the appellant was sentenced to imprisonment for five years and upon the present conviction his sentence is for seven years and a fine. *Alexander (supra),* upon his conviction of the embezzlement of $10,235.53, was given an indeterminate sentence of from five to ten years, in addition to a fine of $1,000.00; and *Bikle,* also *supra,* was convicted of the em-

bezzlement of $1,049.14 and received a sentence of five years imprisonment and a fine of $100.00. Both of these convictions and sentences were affirmed by this Court. We have not examined other similar decisions for it is not intended to attempt to establish a rule of thumb in such cases.

As seen, the learned Judge violated no fixed rule of law, but with some reluctance we conclude that he erred in the exercise of his discretion in meting out the sentence and we are constrained on that account to affirm the conviction but set aside the sentence and remand the case to the Court of General Sessions of Spartanburg County for the sole purpose of the resentencing of the appellant to a lesser punishment than that contained in the sentence from which he has appealed. This course is not without precedent in this Court. *State v. Trezevant,* 20 S. C., 363; 47 Am. Rep., 840; *State v. Jefcoat,* 20 S. C., 383; *State v. Baker,* 58 S. C., 111; 36 S. E., 501; *State v. Durham,* 89 S. C., 134; 71 S. E., 847; *State v. Goins,* 122 S. C., 192; 115 S. E., 232; *State v. Collins,* 125 S. C., 267; 118 S. E., 423; *State v. Edwards, supra;* and *State v. Simms,* 131 S. C., 420, 422; 127 S. E., 840.

Remanded for sentence only.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES CARTER and FISHBURNE concur.

MR. ASSOCIATE JUSTICE BAKER concurs in result.