16238

STATE v. ROGERS

(54 S. E. (2d) 557)

*Messrs, L. B. Haselden,* of Dillon, *and McDonald & Mc-Gowan,* of Florence, *for Appellant,*

*Sidney E. Tison, Solicitor,* of Bennettsville, *for respondent.*

July 18, 1949.

TAYLOR, Justice.

Appellant was tried at the June, 1948 term of the Court of General Sessions for Dillon County upon an indictment charging bigamy. Being found guilty by the jury, as charged, he was given a sentence of eighteen months imprisonment and he now appeals to this court upon exceptions which present three questions: First, was there sufficient evidence to submit to the jury the question of whether or not appellant had been previously married to one Sadie Moore; second, was there error in charging the jury the law as to common law marriage; and third, was the sentence of eighteen months imprisonment excessive, cruel and unreasonable.

Appellant's testimony is to the effect that his only marriage was to one Esther Mae Shaw and denies that he was previously married to the witness Sadie Moore, or any other person. He does admit that he carried Sadie Moore to his mother's home where she lived with, besides himself, his stepfather, his mother, one brother and sister. He contends

that she occupied a bed with his sister in the same room with his stepfather and his mother, he and his brother sleeping in a separate room. He further states that she was there to help his mother with the housework and the cooking and remained there for approximately eight or nine months. He denies that they ever lived together as husband and wife and states that he is not the father of her child.

Miss Bessie McLean, former deputy in the Probate Judge's Office for Dillon County, testified that on the third day of October, 1943, she married a young woman and young man giving the names of Sadie Moore and Carl Rogers, respectively, but she would not positively testify that this was the couple so married. She identified the original marriage license and certificate signed by her as Notary Public, which was introduced into evidence, testifying that the signatures thereto were affixed in her presence.

The witness Sadie Moore testified that Miss Bessie McLean married her and appellant on October 3, 1943, and they lived together as man and wife for nine months thereafter; that appellant signed the marriage license at the same time she did and in her presence, and that he is the father of her child.

The father of the witness, Sadie Moore, testified that the two lived together as man and wife, and that appellant told him they were married. A witness, Charlie Haselden, testified that Sadie Moore and the appellant lived together as husband and wife, and it was common knowledge that this was their relationship.

Sadie Moore further testified that she is now married to Curtis Hayes, and that she at no time obtained a divorce from Carl Rogers. Appellant contends that by reason thereof the testimony of Sadie Moore should be disregarded and that without such there is not sufficient evidence to submit the case to the jury. With this we are unable to agree, as the weight to be given the witnesses' testimony is a question for the jury which, considered along

with the other evidence heretofore referred to, was sufficient to require the trial Judge to submit the case to the jury for its determination. Furthermore, the appellant did not make a motion for a direction of verdict in his behalf.

Appellant next complains that it was error for the trial Judge to charge the jury as to common law marriage in this State "when there was no testimony offered by any of the witnesses which would permit the jury to find that there existed a common law marriage between Sadie Moore and the defendant." This is the only exception which alleges error in the charge to the jury, and is, of course, limited to the ground stated.

The indictment charged that appellant did on the 3rd day of October, 1943, in the County of Dillon and State of South Carolina, marry one, Sadie Moore, and that thereafter, on the 24th day of December, 1947, while so married to Sadie Moore, did marry one, Sis Shaw, the said Sadie Moore being then alive, etc. The State presented testimony to sustain the charges in the indictment, a summary of which has been hereinbefore set out; and in addition thereto, there was testimony that the appellant and Sadie Moore had lived together as husband and wife, holding out to the public and alleging that this was the relationship existing between them. Such testimony was admissible as being corroborative of the ceremonial statutory marriage. The State presented this corroborative testimony without objection on the part of the appellant, and without its being limited to such purpose.

The testimony of the father of Sadie Moore, and of Charlie Haselden, was sufficient, if believed, to establish a common law marriage relationship between the appellant and Sadie Moore. Indeed, the appellant does not in his printed argument, or upon oral argument as we recall take the position that there was no testimony offered which would justify the jury in finding that there had existed a common law marriage between Sadie Moore and

the appellant. His entire argument is based on the fact that the indictment charged a ceremonial statutory marriage, and that it was error to submit to the jury whether there was a common law marriage. But he is met with the insurmountable difficulty that his exceptions raise no such issue and we therefore express no opinion whether if such issue had been properly raised, it would avail him anything.

Appellant next contends that the sentence of eighteen months imprisonment was unreasonable and excessive by reason of the fact that Sadie Moore did not recognize such marriage between herself and appellant, by marrying one Curtis Hayes in 1945. Section 1434, Volume 1, 1942 Code of Laws for South Carolina provides:

"Whoever, being married, and whose husband or wife has not remained continually for seven years beyond the sea, or continually absented himself or herself, the one from the other, for the space of seven years together, the one of them not knowing the other to be living within that time, or who were not married before the age of consent, or where neither husband nor wife is under sentence of imprisonment for life, or whose marriage has not been annulled by decree of a competent tribunal having jurisdiction both of the cause and the parties, shall marry another person, the former husband or wife being alive, shall, on conviction, be punished by imprisonment in the penitentiary for not more than five years nor less than six months, or by imprisonment in the jail for six months, and by a fine of not less than five hundred dollars."

The sentence was clearly within the statutory provisions and therefore will not be disturbed by this court upon appeal. Appellant relies upon the holdings of this court in *State v. Gregory*, 198 S. C. 98, 16 .S. E. (2d) 532, and *State v. Kimbrough*, 212 S. C. 348, 46 S. E. (2d) 273. However, an examination of these decisions show that they are not applicable to this case.

All exceptions are overruled and the judgment of the lower court affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.