THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 William Coaxum,
 Sr., Appellant.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-496
 Heard September 12, 2011  Filed November
7, 2011  

REVERSED AND REMANDED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, and Assistant Attorney General Mark R. Farthing all of
 Columbia; Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: William
 Coaxum, Sr., appeals his convictions for armed robbery and possession of a
 firearm during the commission of a violent felony, arguing the trial court
 erred in dismissing a juror who revealed she was acquainted with a member of
 Coaxum's family.  We reverse and remand for a new trial. 

 When a
 juror conceals information inquired into during voir dire, a new trial
 is required only when the court finds the juror intentionally concealed the
 information, and that the information concealed would have supported a
 challenge for cause or would have been a material factor in the use of the
 party's peremptory challenges.  Where a juror, without justification, fails to
 disclose a relationship, it may be inferred, nothing to the contrary appearing,
 that the juror is not impartial.  On the
 other hand, where the failure to disclose is innocent, no such inference may be
 drawn. 

State v. Woods, 345 S.C. 583, 587-88, 550 S.E.2d 282,
 284 (2001) (internal citation omitted); see State v. Stone,
 350 S.C. 442, 448, 567 S.E.2d 244, 247 (2002) (providing the factors to
 consider before removing a juror for failure to disclose information during
 voir dire are (1) whether the concealment was intentional, and (2) whether the
 information would have been a material factor in the use of a peremptory
 challenge or would have supported a challenge for cause).

 When a
 party contends a juror should be removed for failure to disclose information
 during voir dire, Stone requires the trial judge
 to consider the two criteria from Woods.  If the judge finds both of the Woods criteria exist, the judge must remove the juror.  However, if
 either of the criteria is absent, the judge may not remove the juror on that
 basis. 

State v. Burgess, 391 S.C. 15, 19, 703 S.E.2d 512, 514 (Ct. App.
 2010); see generally State v.
 Bell, 374 S.C. 136, 148, 646 S.E.2d
 888, 895 (Ct. App. 2007) (stating where there is no concealment, "the
 language from Stone regarding whether the information would have been a
 material factor in the use of a peremptory challenge" does not apply); id. (reviewing the trial court's decision to allow a juror to remain on the jury
 under the abuse of discretion standard).
Here, there was no evidence
 the juror's failure to disclose her relationship was intentional.  Under Woods and its progeny, the unintentional failure to disclose does not provide an
 automatic ground for the trial court to remove the juror.  Thus, we hold the
 trial court abused its discretion in removing the juror.  Accordingly, we
 reverse and remand for a new trial.
REVERSED AND REMANDED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.