THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Kevin Shane Epting, Appellant.
 
 
 

Appeal From Laurens County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2012-UP-152   
 Heard February 13, 2012  Filed March 7,
2012

AFFIRMED

 
 
 
 Appellate Defender LaNelle DuRant, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General Salley W.
 Elliott, Assistant Attorney General William M. Blitch, all of Columbia, and
 Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Kevin
 Shane Epting appeals from his convictions of first-degree burglary and assault
 and battery of a high and aggravated nature (ABHAN), arguing the trial court
 erred in prohibiting him from: (1) introducing evidence of third-party guilt,
 and (2) cross-examining the victim on a 911 call she made two months prior to
 the incident.  We affirm pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to
 third-party guilt:  Holmes v. South Carolina, 547 U.S. 319, 330-31 (2006) (overruling the
 application of limits on third-party guilt evidence only to the extent that
 limits should not rely on the strength of the prosecution's evidence against
 the defendant, but rather on the strength of the evidence proffered by the
 defendant to establish third-party guilt); State v. Gregory, 198 S.C.
 98, 104, 16 S.E.2d 532, 534 (1941) ("'[E]vidence which can have (no) other
 effect than to cast a bare suspicion upon another, or to raise a conjectural
 inference as to the commission of the crime by another, is not admissible.'"
 (quoting 16 C.J. 560)); id. at 104, 16 S.E.2d at 535  ("'[B]efore
 such testimony can be received, there must be such proof of connection with it,
 such a train of facts or circumstances, as tends clearly to point out such
 other person as the guilty party.'" (quoting 20 Am. Jur. Evidence §
 265 (1939))); id. (holding "[r]emote acts, disconnected and
 outside the crime itself, cannot be separately proved for such a purpose"
 and a defendant is not "permitted, by way of defense, to indulge in
 conjectural inferences that some other person might have committed the offense
 for which he is on trial, or by fanciful analogy to say to the jury that
 someone other than he is more probably guilty"); State v. Burgess,
 391 S.C. 15, 23, 703 S.E.2d 512, 517 (Ct. App. 2010) (stating Holmes v. South
 Carolina preserves Gregory as the appropriate standard for
 evaluating the admissibility of evidence of third-party guilt); State v. Williams, 380 S.C. 336, 343, 669 S.E.2d 640, 644
 (Ct. App. 2008) (holding a trial judge is
 given broad discretion in ruling on the admissibility of evidence, and the admission of evidence will not be
 disturbed on appeal absent an abuse of that discretion); State v.
 Rice, 375 S.C. 302, 317, 652 S.E.2d
 409, 416 (Ct. App. 2007), overruled on other grounds by State v.
 Byers, 392 S.C. 438, 710 S.E.2d 55 (2011) (ruling evidence offered by a
 defendant as to the commission of the crime by another person must be limited
 to facts that are inconsistent with the defendant's guilt, and the evidence
 must raise a reasonable inference or presumption as to the accused's innocence).
   
2. As to
 cross-examination:  State v. Page, 378 S.C. 476, 483, 663 S.E.2d 357, 360 (Ct. App. 2008)
 ("Whether a person opens the door to the admission of otherwise
 inadmissible evidence during the course of a trial is addressed to the sound
 discretion of the trial judge."); id. at 481, 663 S.E.2d at 359
 ("An abuse of discretion occurs when the conclusions of the trial court
 either lack evidentiary support or are controlled by an error of law."); id. at 483, 663 S.E.2d at 360 ("Error is harmless where it could not
 reasonably have affected the trial's outcome."); State v. Whitner, 380
 S.C. 513, 519, 670 S.E.2d 655, 659 (Ct. App. 2008) (holding a violation of a
 defendant's Sixth Amendment right to confront a witness is not per se
 reversible error, and this court must determine if the error was harmless
 beyond a reasonable doubt). 

AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.