**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Rashawn Murphy, Appellant.

Appellate Case No. 2011-188766

Appeal From Spartanburg County
Letitia H. Verdin, Family Court Judge

Unpublished Opinion No. 2013-UP-028
Submitted December 3, 2012 – Filed January 16, 2013

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cope*, 385 S.C. 274, 283, 684 S.E.2d 177, 181 (Ct. App. 2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and his decision should not be disturbed absent prejudicial abuse of discretion."); *State v. Burgess*, 391 S.C. 15, 23, 703 S.E.2d 512, 517 (Ct. App. 2010) (holding *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941), is "the appropriate standard for evaluating the admissibility of evidence of third[-]party guilt"); *Gregory*, 198 S.C. at 104, 16 S.E.2d at 534 ("[E]vidence offered by [the] accused [of third-party guilt] must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence . . . ."); *id.* ("[E]vidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible."); *id.* at 104-05, 16 S.E.2d at 535 (holding evidence of third-party guilt must clearly point to another person as the guilty party in order to be admissible); *id.* at 105, 16 S.E.2d at 535 ("Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.