**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Antrell R. Felder, Appellant.

Appellate Case No. 2011-203747

———————————

Appeal From Sumter County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-437
Heard November 13, 2013 – Filed November 27, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Antrell R. Felder appeals his convictions of murder and possession of a firearm during the commission of a violent crime, arguing the trial

court erred in (1) excluding evidence of the victim's unrelated burglary charges and (2) denying Felder's directed verdict motion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in excluding evidence of the victim's burglary charges: *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Gregory*, 198 S.C. 98, 104, 16 S.E.2d 532, 534 (1941) ("[E]vidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." (internal quotation marks omitted)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("When juxtaposing the prejudicial effect against the probative value, the determination must be based on the entire record and will turn on the facts of each case."); *Saltz*, 346 S.C. at 130-31, 551 S.E.2d at 249 (noting the trial court can exercise its discretion and limit the scope of cross-examination notwithstanding a defendant's Sixth Amendment right to confront witnesses).

2. As to whether the trial court erred in denying Felder's directed verdict motion: *State v. Martin*, 340 S.C. 597, 602, 533 S.E.2d 572, 574 (2000) ("In reviewing the appeal of a refusal to grant a directed verdict of not guilty, [the appellate court] must look at the evidence in the light most favorable to the State."); *State v. Schrock*, 283 S.C. 129, 132, 322 S.E.2d 450, 451-52 (1984) ("When a motion for a directed verdict is made in a criminal case, the trial [court] is concerned with the existence or non-existence of evidence, not its weight."); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); *State v. Bostick*, 392 S.C. 134, 139, 708 S.E.2d 774, 776-77 (2011) ("Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial [court] to direct a verdict of acquittal is not error.").

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**