**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ryan P. Deleston, Appellant.

Appellate Case No. 2013-002224

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-055
Heard January 4, 2016 – Filed February 10, 2016

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Ryan P. Deleston appeals his convictions for murder, attempted armed robbery, possession of a handgun with an obliterated serial number, and possession of a weapon during the commission of a violent crime.  Appellant contends (1) pursuant to Rule 404(b), SCRE, the third-party guilt doctrine, and due process laws, the trial court erred in refusing to allow cross-examination of two witnesses regarding an armed robbery that occurred two weeks prior to the instant murder; and (2) the trial court erred in instructing the jury that the trial was "a search for the truth in an effort to make sure that justice is done."  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in limiting cross-examination:  Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts . . . may . . . be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Cope*, 405 S.C. 317, 337, 748 S.E.2d 194, 204 (2013), *cert. denied*, 135 S. Ct. 400 (2014) ("Where there is a close degree of similarity between the crime charged and the prior bad act, the prior bad act is admissible to demonstrate a common scheme or plan."); *id.* ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity." (quoting *State v. Clasby*, 385 S.C. 148, 155, 682 S.E.2d 892, 896 (2009))); *id.* at 338 n.4, 748 S.E.2d at 205 n.4 (noting we must look at the commonality of the entire crimes when determining admissibility if the purpose of the evidence is to show that the allegedly guilty third party acted pursuant to a common scheme); *id.* at 341, 748 S.E.2d at 206 ("The admissibility of evidence of third-party guilt is governed by *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941)."); *Gregory*, 198 S.C. at 104–05, 16 S.E.2d at 534 ("[T]he evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; *evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible*." (emphasis added)); *Cope*, 405 S.C. at 339, 748 S.E.2d at 205-06 (addressing a similar due process argument in which the appellant relied on *Holmes v. South Carolina*, 547 U.S. 319, 323 (2006), and finding the facts were distinguishable from *Holmes*; holding "[i]t was not the strength of the State's case that led to exclusion of evidence of [the alleged guilty third party's] other crimes. Instead, it was because the other crimes were not sufficiently similar to the crime charged so as to be admissible").

2.     As to whether the trial court erred in stating the trial was "a search for the truth in an effort to make sure that justice is done": *State v. Aleksey*, 343 S.C. 20, 26–27, 538 S.E.2d 248, 251 (2000) ("Jury instructions on reasonable doubt which charge the jury to 'seek the truth' are disfavored because they '[run] the risk of unconstitutionally shifting the burden of proof to a defendant.'" (quoting *State v. Needs*, 333 S.C. 134, 155, 508 S.E.2d 857, 867–68 (1998) (alteration provided in *Aleksey*))); *id.* at 27, 538 S.E.2d at 251 ("However, jury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error."); *id.* ("The standard for review of an ambiguous [or improper] jury instruction is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution.").

**AFFIRMED.**

**SHORT, GEATHERS, and LOCKEMY, JJ., concur.**