**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Devionne Devaughn McClain, Appellant.

Appellate Case No. 2015-002595

————————————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

————————————

Unpublished Opinion No. 2017-UP-400
Submitted September 1, 2017 – Filed October 18, 2017

————————————

**AFFIRMED**

————————————

Appellate Defenders John Harrison Strom and Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

————————————

**PER CURIAM:** Devionne Devaughn McClain appeals his conviction for failure to stop for a blue light, arguing the trial court erred in finding a police officer had probable cause to believe McClain was speeding. At trial, McClain moved to dismiss the indictment based on a lack of reasonable suspicion. The trial court denied the motion, finding the police officer had reasonable suspicion to initiate the traffic stop. McClain never argued to the trial court that its use of the reasonable suspicion standard was erroneous or that probable cause was the correct standard. Accordingly, the issue of whether the police officer had probable cause to initiate the traffic stop is not preserved. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) ("The general rule of issue preservation states that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground. A party may not argue one ground at trial and an alternate ground on appeal." (citation omitted)); *State v. Burgess*, 391 S.C. 15, 20, 703 S.E.2d 512, 515 (Ct. App. 2010) ("The rules of issue preservation impose on counsel a duty to challenge a statement of law made by the trial [court] which counsel believes to be erroneous.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.