**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Teresa Ann McCracken-Hall, Appellant.

Appellate Case No. 2016-001192

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-411
Heard October 10, 2018 – Filed November 7, 2018

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————

**PER CURIAM:** Teresa McCracken-Hall appeals her conviction for murder, arguing the circuit court erred in permitting a police officer, Gregory Lent, to testify as to what he was told by another police officer, Billy Bellamy, regarding Bellamy's interaction with her. McCracken-Hall also maintains the circuit court erred in excluding evidence regarding a dispute between the victim and a third party as that prevented her from presenting a complete defense. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Brewer*, 411 S.C. 401, 406, 768 S.E.2d 656, 658 (2015) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012)); *State v. Cope*, 405 S.C. 317, 341, 748 S.E.2d 194, 206 (2013) ("[E]vidence of third-party guilt that only tends to raise a conjectural inference that the third party, rather than the defendant, committed the crime should be excluded."); *id.* ("Furthermore, to be admissible, evidence of third-party guilt must be 'limited to such facts as are inconsistent with [the defendant's] own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence.'" (alteration by court) (quoting *State v. Gregory*, 198 S.C. 98, 104, 16 S.E.2d 532, 534 (1941)))).

**AFFIRMED.**

**KONDUROS, MCDONALD, and HILL, JJ., concur.**