**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Heyward Legree Martin, III, Appellant.

Appellate Case No. 2017-000559

———————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-272
Submitted March 16, 2020 – Filed September 30, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV, of
Columbia; and Solicitor James Strom Thurmond, Jr., of
Aiken, all for Respondent.

———————

**PER CURIAM:** Heyward Legree Martin, III appeals his conviction of inflicting great bodily injury on a child, arguing the trial court erred in refusing to allow testimony regarding third-party guilt. We affirm pursuant to Rule 220(b), SCACR,

and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Holder*, 382 S.C. 278, 288, 676 S.E.2d 690, 696 (2009) ("The admission or exclusion of testimonial evidence falls within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent abuse resulting in prejudice." (quoting *State v. Brannon*, 341 S.C. 271, 277, 533 S.E.2d 345, 348 (Ct. App. 2000))); *State v. Burgess*, 391 S.C. 15, 22, 703 S.E.2d 512, 516 (Ct. App. 2010) ("[T]he admissibility of evidence of third[-]party guilt is governed by the rule set forth in *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941)."); *Gregory*, 198 S.C. at 104, 16 S.E.2d at 534 (providing for a defendant seeking to assert third-party guilt: "[T]he evidence offered by [the] accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." (third alteration by court) (quoting 16 C.J. 560)); *id.* at 104-05, 16 S.E.2d at 535 ("But before such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party.  Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose.  An orderly and unbiased judicial inquiry as to the guilt or innocence of a defendant on trial does not contemplate that such defendant be permitted, by way of defense, to indulge in conjectural inferences that some other person might have committed the offense for which he is on trial, or by fanciful analogy to say to the jury that someone other than he is more probably guilty." (quoting 20 Am. Jur.  254)); *Holmes v. South Carolina*, 547 U.S. 319, 330 (2006) (characterizing the purpose of the *Gregory* rule as "to focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues"); *State v. Brooks*, 428 S.C. 618, 635, 837 S.E.2d 236, 245 (Ct. App. 2019) ("The *Holmes* court recognized that evidence of third-party guilt is appropriately managed by evidentiary rules such as Rule 403, SCRE."), *cert. denied*, S.C. Sup. Ct. Order filed Aug. 10, 2020; Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of

evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); *Brooks*, 428 S.C. at 635, 837 S.E.2d at 245 ("The appellate court reviews the circuit court's Rule 403 ruling 'pursuant to the abuse of discretion standard and [is] obligated to give great deference to the [circuit] court's judgment.'" (alterations by court) (quoting *Collins*, 409 S.C. at 534, 763 S.E.2d at 28)).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.